## MARSHALL & BRO. v. FLINN.

Where the sheriff returned a sale of real property on execution to Wenstrup for two-thirds of the appraisement, but that the purchaser had refused to pay the purchase money, and the plaintiff in execution moved the court to confirm the sale, but the court overruled the motion and set aside the sale:

*Held*, that the motion was addressed to the sound discretion of the court,

and that no such abuse of the judicial discretion was shown as to constitute error in this case.

*Israel Ludlow* and *Mallon & Coffey*, for plaintiffs.

*Fox & Bird*, for defendant.

TAFT, J.   The question in this case is, whether the judge at Special Term erred in setting aside a sale made by the sheriff to a purchaser, who refused to make good his bid by paying the purchase money.

The return of the sheriff was, that on the 1st of April, 1871, he offered the property " at public sale, in the rotunda of the court-house; and then and there, at public outcry, *struck off and sold* to John Henry Wenstrup the property" [describing it] "for the sum of $4,000 (and notwithstanding demand has been made, the purchaser has refused to pay the whole or any part of the purchase money), it being two-thirds of the appraised value of said lot of land, and the said John Henry Wenstrup being the highest and best bidder for said premises and the purchaser thereof."

The plaintiffs in execution moved the court to confirm the sale.   This the court refused to do, but did set the sale aside.

On the one side, it is claimed that the sale was valid, and that if the plaintiffs insist that it be confirmed the court is bound to confirm it, and errs if it refuses to do so.

On the other side, it is claimed that the return of the sheriff is equivalent to a return of no sale, and that it can not be confirmed.

On behalf of the plaintiffs, a distinction is taken between a sale made by the sheriff on an execution and by a master on an order in a proceeding in equity.   But we think that when a sale comes before the court for confirmation, whether upon an execution or upon an order, the court is to exercise a sound discretion.   And while we think that the return need not be treated as a return of property unsold, we nevertheless regard the circumstances of this case such that the judge was justified in setting aside the sale.

We do not intend to be understood to hold that the court could not recognize the sale, and enforce it by authorizing a suit or even by an attachment for a contempt of court, as was done in the case of *Lansdown* v. *Elderton*, 14 Ves. 512, and in *Brasher* v. *Cortlandt*, 2 John. Ch. 505 ; *Saville* v. *Saville*, 1 P. Wms. 745.

The bidder does assume a responsibility when he makes his bid. He can not be permitted to trifle with the process of the court. But he may not be pecuniarily responsible, so that it would be injurious to the parties to have the sale enforced; and there may be other reasons why the sale should be set aside, extra the record.

The judge at Special Term, before whom the question came, had a discretion which he has exercised, and which we do not find reason to interfere with. If he had ruled the other way we might not have felt called upon to interfere.